## Commonwealth *v.* Peake, Appellant.

134

Submitted March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James Wesley Peake,* appellant, in propria persona.

*Stephen W. Kline* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 16, 1967:

This is an appeal from an order of the Court of Quarter Sessions of Philadelphia County, dismissing a petition for post-conviction relief.

Petitioner was convicted before a judge and jury on February 11, 1964. At the hearing on his post-conviction petition, he testified that he urged his trial counsel, a Voluntary Defender, to "file for a new trial" and to take an appeal. Trial counsel testified that he told petitioner there were no grounds for an appeal and that the Defender's office was not so well staffed as to be able to take an appeal in every case. He further stated that he informed petitioner that "he should con-

tact the social worker at prison for the necessary forms [for an appeal] and file them immediately, and that counsel would be appointed if he was unable to afford his own counsel." He informed petitioner of the 45-day limitation on appeal, but did not recall whether this information was given before or after sentence. Counsel did effect a reduction in sentence, from 10 to 22 years, to 7½ to 15 years. The court below held that these facts established a waiver by petitioner of his right to appeal and to the assistance of counsel on appeal.

It is well settled that an indigent defendant, absent a waiver, is constitutionally entitled to the appointment of counsel to prosecute his appeal and that ". . . the right to the assistance of counsel on appeal necessarily includes the right to such assistance in the critical task of *taking and perfecting* an appeal." *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 75, 215 A. 2d 637 (1966) (emphasis supplied); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965). Appellant's right to appeal cannot be foreclosed merely because, in the opinion of counsel, there were no grounds to warrant an appeal. *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 244, 220 A. 2d 886 (1966); cf. *Anders v. California,* 386 U.S. 738, 35 U.S.L.W. 4385 (1967).

*Commonwealth ex rel. Stevens v. Myers,* supra, indicates that a finding of waiver depends upon the totality of the facts in a given case. Here, counsel told petitioner that there were no grounds for an appeal, and that no appeal could be taken by the Defenders' office. Counsel referred petitioner to the prison authorities, so that he might fill out the proper forms on his own initiative. Here, as in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 160, 218 A. 2d 811 (1966), ". . . trial counsel's testimony, taken in the light most favorable to the Commonwealth, will

not support a finding of acquiescence sufficient to constitute a waiver."

Petitioner may have refrained from perfecting his own appeal because of counsel's statement that there were no grounds for an appeal.  Furthermore, the assistance of the prison authorities will not satisfy the constitutional mandate that an indigent defendant be provided with the assistance of counsel.  In light of the possibility that petitioner abandoned his appeal because of a misimpression fostered by his trial counsel, there can be no finding of an "intentional relinquishment or abandonment of a known right."  *Commonwealth ex rel. Cunningham v. Maroney, supra.*

The order of the court below is reversed, and the record is remanded with directions to appoint counsel for the purpose of prosecuting an appeal.  Upon motion of appointed counsel, this Court will permit an appeal to be docketed as if timely filed.