368 A.2d 745

**COMMONWEALTH of Pennsylvania**

v.

**Benjamin VALEZQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 1975.

Decided Dec. 15, 1976.

Richard R. Lunenfeld, Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., and F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal *nunc pro tunc* comes to us pursuant to an order of the lower court "relisting" the appeal in this court. The basis of the court's order, following a

petition by appellant under the Post Conviction Hearing Act,[1] was that counsel for appellant on his first appeal to this court filed an inadequate brief.[2] Because the means employed by the lower court to facilitate this appeal was improper, we will quash the appeal without prejudice to appellant's resumption of his attack by his petition pursuant to the PCHA.

In July of 1972, appellant was tried non-jury and convicted of burglary, larceny, receiving stolen goods, and possession of burglary tools. Post trial motions were argued and denied and appellant was sentenced to six months to five years in a state correctional institution. Principal among appellant's allegations of error at that time was his assertion that evidence was not suppressed which was discovered as the result of an illegal arrest. On appeal we affirmed the judgment of sentence.

On July 12, 1974 appellant filed a petition under the PCHA alleging that prior counsel was incompetent, particularly with respect to the presentation of argument for appellant in his previous appeal before the Superior Court. Following hearings on the petition, in December, 1974 the Honorable Ethan Allen Doty granted appellant leave to refile an appeal *nunc pro tunc* before this court, but denied the PCHA petition in all other respects.[3] Pursuant to Judge Doty's order, appellant filed the instant appeal.

We quash this appeal because, to do otherwise, we would be sanctioning a wholly unnecessary and confusing method for considering issues which were not raised or,

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. 1180–1 et seq. (Supp.1976–77). Hereinafter referred to as PCHA.

2. We previously affirmed per curiam. *Commonwealth v. Valezquez*, 228 Pa.Super. 838, 316 A.2d 909 (1974).

3. As Judge Doty correctly noted, the prior brief filed with this court was ostensibly inadequate and hardly represented the work of the zealous advocate to which appellant was entitled. Judge Doty, however, apparently did not reach the question of whether appellant would have prevailed had an adequate brief been filed.

if raised, inadequately argued on a previous appeal. In cases such as this, the issues can be satisfactorily addressed simply by employing the well-established procedure under the PCHA.

 In particular, the hearing court need only look to Sections 1180–3(d) and 1180–4(b) and ask whether an issue sought to be raised has been finally litigated or waived. If such an issue were not raised on direct appeal, it is presumptively treated as waived unless the petitioner can show that an extraordinary circumstance excused his failure to raise it previously; and, we have already determined that the ineffective assistance of counsel constitutes an extraordinary circumstance under the Act. See, e. g., *Commonwealth v. Green,* 234 Pa.Super. 236, 338 A.2d 607 (1975). Thus, the entire matter can be adequately accommodated with the rubric of the PCHA without any need for the dubious method of having lower court judges "relist" appeals in this court. The proper procedure herein would have been for the hearing court judge to determine the ineffective assistance of counsel argument and then the underlying issues on their merits, if necessary. *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (Filed: October 20, 1976). The aggrieved party could then have taken a direct appeal from that adjudication to this court. Substantively speaking, the results are identical, but the method used by the lower court is unnecessarily confusing. That being the case, the instant appeal is quashed.

It is so ordered.