392 A.2d 714

**COMMONWEALTH of Pennsylvania**

v.

**Alexander G. BLACKWELL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

11. Appellant denies that any such 26-day continuance was requested by him. Appellant's brief at 9.

William E. Baldwin, Pottsville, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant has taken this appeal from the lower court's order of December 28, 1976 denying his petition for relief under the Post Conviction Hearing Act.[1] Appellant had a hearing at which he was represented by counsel. He contends, inter alia, that his pleas of guilty to three counts of burglary and one count of receiving stolen property were involuntary because the judge presiding at the guilty plea hearing failed to include in the colloquy an explanation of the elements of the crimes with which he was charged. We agree for the reasons stated below and, therefore, reverse and remand for trial.

On December 30, 1975 the Court of Common Pleas of Schuylkill County accepted appellant's pleas of guilty to the four charges. Appellant was sentenced on June 8, 1976, but rather than taking a direct appeal or filing a petition to withdraw, he filed a PCHA petition on July 13, 1976 challenging the voluntariness of his guilty pleas;[2] the petition alleged that the colloquy was defective, that the pleas were motivated by fear that a constitutionally infirm confession would be used at trial, and that trial counsel was ineffective in allowing appellant to enter the pleas. We need only address the defective colloquy issue since appellant is entitled to have the guilty pleas vacated on that basis alone.

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1976–77).

2. The cases holding that a PCHA petition may be a valid substitute for a petition to withdraw a guilty plea are inapposite since in those cases the petitioner had filed a timely direct appeal without petitioning to withdraw the plea. *See, e. g., Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Schwartz,* 251 Pa.Super. 36, 379 A.2d 319 (1977). Here the PCHA petition was filed 35 days after sentencing.

We must first determine whether appellant's failure to file a petition to withdraw the pleas or take a direct appeal in order to raise the guilty plea issue constitutes waiver. If an issue is not raised on direct appeal, it is presumptively treated as waived unless the petitioner can show that extraordinary circumstances justified his failure to raise it previously.[3] *Commonwealth v. Valezquez,* 244 Pa.Super. 327, 330, 368 A.2d 745, 746 (1976). *See* 19 P.S. §§ 1180–3(d) and 1180–4(b). *See also Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976). Ineffectiveness of counsel resulting in a denial of appellant's appeal rights is such an extraordinary circumstance.[4] *Commonwealth v. Valezquez,* 244 Pa.Super. 330, 368 A.2d at 746; *Commonwealth v. Green,* 234 Pa.Super. 236, 338 A.2d 607 (1975). Appellant's trial counsel failed to file either a petition to withdraw the guilty plea as required by *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), or a direct appeal from the judgments of sentence [5]—this despite the fact that, as we conclude below, the guilty plea colloquy in the instant case was patently defective. Appellant further alleges in his brief that his trial counsel failed even to discuss with him the possibility of an appeal or inform him of the need to file a

3. Waiver is presumed only when the petitioner had counsel at the time the waiver allegedly occurred. *Commonwealth v. Haynes,* 234 Pa.Super. 556, 561, 340 A.2d 462, 464 (1975), *quoting Commonwealth v. Mumford,* 430 Pa. 451, 243 A.2d 440 (1968).

4. The hearing judge did not discuss the waiver issue, but proceeded directly to the merits of the PCHA petition and found that appellant's guilty pleas were voluntary. A remand for findings on this issue would serve no purpose, however, since the record supports appellant's claim that no waiver occurred. *See Commonwealth v. Holmes,* 468 Pa. 409, 414, 364 A.2d 259, 262 n.4 (1976).

5. As we noted in *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975), ever since *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), it has been settled that an indigent defendant is constitutionally entitled to the assistance of counsel on appeal, and a necessary incident of that right is the assistance of counsel in *perfecting* the appeal. *Commonwealth v. Haynes,* 234 Pa.Super. at 560, 340 A.2d at 464, *quoting Commonwealth v. Grillo,* 208 Pa.Super. 444, 222 A.2d 427 (1966).

petition to withdraw. Appellant's brief at 20. *See Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975).[6]

▮ If, as we believe, appellant's contention that his guilty pleas were involuntary would have required a reversal if raised on direct appeal, counsel's failure to file, or even consider filing, a direct appeal in order to raise this claim constitutes ineffective assistance of counsel.[7] *Commonwealth v. Danzy,* 234 Pa.Super. 633, 636, 340 A.2d 494, 496 (1975). We, therefore, conclude that trial counsel's ineffectiveness constituted an extraordinary circumstance excusing appellant's failure to petition to withdraw the pleas and his failure to take a direct appeal. *See Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976).

▮ Turning then to the merits of appellant's contentions, we find that the lower court failed to comply with the requirements of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1973), and its progeny and with the dictates of Pa.R.Crim.P. 319(a). The *on-the-record* colloquy does not adequately explain the elements of the crimes with which appellant was charged—burglary and receiving stolen property. "To satisfy the requirements of Pa.R.Crim.P. 319(a) and the *Ingram* line of cases, the trial court must outline to the defendant in understandable terms of the nature of the charges to which a defendant is pleading guilty." *Commonwealth v. Tabb,* 477 Pa. 115, 119, 383 A.2d 849, 851 (1978). In the absence of such a dialogue on the record, we cannot

6. *Commonwealth v. Roberts,* 237 Pa.Super 336, 352 A.2d 140 (1975), was filed on December 1, 1975 and appellant's guilty pleas entered on December 30, 1975. The lower court nevertheless did not inform appellant of the necessity of filing a petition to withdraw. In light of the uncertainty during the period between *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973), and *Roberts* concerning the proper procedure to be used in challenging a guilty plea, it would be harsh indeed to find waiver in the instant case for failure to comply with *Roberts.*

7. As we opined in *Commonwealth v. Danzy,* 234 Pa.Super. 633, 340 A.2d 494 (1975), "We cannot imagine a situation in which counsel's action would have 'some reasonable basis' if counsel failed to raise a meritorious issue on direct appeal." 234 Pa.Super. at 636, 340 A.2d at 496 n.3. There is no hint in the record that appellant requested his trial counsel not to file an appeal.

conclude that the guilty pleas were entered voluntarily, knowingly and intelligently, and the judgments of sentence imposed cannot stand. *Id.*, 477 Pa. at 120, 383 A.2d at 852.

In the instant case the lower court judge merely asked appellant whether he understood the nature of the charges against him.[8] Although the *factual* basis of the charges was presented at the guilty plea hearing by a police officer, no attempt was made to outline the *legal* elements of the crimes involved. The Commonwealth's apparent reliance on statements made by appellant at the PCHA hearing and on appellant's prior record of burglary convictions, as evidence that appellant knew the nature of the charges against him is misplaced. *See* Appellee's brief at 16. The on-the-record colloquy must objectively demonstrate that the elements of the crimes were explained.[9] Since the colloquy is patently defective under the *Ingram* standard, we must vacate the

8. The following excerpts from the guilty plea hearing constitute the only references made by the court to the nature of the charges:

> THE COURT: Do you understand the nature of the charges brought against you?
> Mr. Blackwell: Yes, sir.
> THE COURT: Do you understand that if the Commonwealth is able to prove these charges beyond a reasonable doubt you would be convicted of the charges? If they could not prove the charges you would be found not guilty?
> Mr. Blackwell: Yes, sir.
> THE COURT: Do you understand that when you plead guilty you admit to the Court that you did precisely what you are charged with doing?
> Mr. Blackwell: Yes, sir.

. . . . .

Guilty plea hearing at 3.

> THE COURT: Do you understand that you have been charged with a number of counts of burglary and you could receive as high as twenty (20) years on each count in prison? Do you understand that?
> Mr. Blackwell: Yes, sir."

. . . . .

Guilty plea hearing at 4.

9. The Commonwealth's brief acknowledges this in another context when it states that, "[T]he only statements which can be considered by a Trial Judge in determining whether to accept a guilty plea are those made at the time the plea is entered." Appellee's brief at 21 (citation omitted).

judgments of sentence and remand the case for trial on all counts.

Judgments of sentence vacated and case remanded for trial.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.