412 A.2d 632

**COMMONWEALTH of Pennsylvania**

v.

**Peter A. FARERI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Oct. 19, 1979.

Reargument En Banc Denied March 10, 1980.

David L. Pollack, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his counsel was ineffective for not appealing (1) his judgment of sentence for burglary and possession of burglary tools and (2) a subsequent order revoking probation and imposing a sentence of total confinement. We agree and, accordingly, reverse the order denying relief under the Post Conviction Hearing Act (PCHA)[1] and allow appellant to file his appeals *nunc pro tunc.*

■ On August 1, 1972, appellant was convicted of burglary and possession of burglary tools. The lower court denied his post-trial motions and sentenced him to six months to two years imprisonment and five years probation. No direct appeal was taken. On February 2, 1977, the lower court revoked appellant's probation and sentenced him to two to five years imprisonment. No direct appeal was filed. On May 19, 1977, appellant filed a PCHA petition,[2] alleging that the Defender Association of Philadelphia, which represented him throughout all stages of his burglary and possession trial and his probation revocation hearing, was ineffective for not perfecting direct appeals. On April 26, 1978, at the hearing on his PCHA petition, appellant testified that following both his 1972 conviction and sentence and his 1977 revocation of probation and sentence, he asked the public defender who was representing him to file appeals. In support of his testimony concerning the second appeal, appellant produced correspondence from the Defender Association. In a letter to appellant dated February 10, 1977, the chief of the appeals division of the Defender Association stated that his office would not file an appeal because such

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp. 1978–79).

2. The PCHA petition was originally filed by appellant *pro se.* Subsequently, present counsel was appointed, and he filed an amended petition. Because appellant was represented for the first time by new counsel at this PCHA proceeding, he has preserved his claim. *See Commonwealth v. Hubbard,* 472 Pa. 259, 276–77 n.6, 372 A.2d 687, 695 n.6 (1977) ("ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant").

appeal would clearly not be successful. He further informed appellant that he had an absolute right to file an appeal and to the representation of counsel, and enclosed forms which appellant could complete and file to perfect an appeal. Appellant testified that he wrote back to the Defender Association, stating that he did not know what to do with the appeal papers. Appellant further testified that the chief of appeals replied, in a letter dated March 29, 1977, to inform appellant that filing an appeal was up to him. The Commonwealth presented no evidence. The lower court denied relief, and this appeal followed.

■■■■ An indigent defendant has a constitutional right to the assistance of counsel to prosecute his appeal, and this right includes the right to such assistance in the task of taking and perfecting an appeal. *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A.2d 886 (1966); *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A.2d 637 (1966); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975); *Commonwealth v. Peake*, 210 Pa.Super. 133, 231 A.2d 908 (1967). The right to the assistance of counsel on appeal "embodies more than the right to the assistance of counsel in 'meritorious cases'; it embodies the right to representation on appeal if the defendant so desires, whatever the prospects of success may appear to the court or counsel." *Commonwealth ex rel. Newsome v. Myers, supra*, 422 Pa. at 243, 220 A.2d at 888. An indigent defendant can waive his right to the assistance of counsel for the perfection and taking of an appeal "if that waiver constitutes 'an intentional relinquishment or abandonment of a known right.'" *Commonwealth v. Wilson*, 430 Pa. 1, 3, 241 A.2d 760, 762 (1968) (quoting *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 218, 220 A.2d 883, 884 (1966); *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 160, 218 A.2d 811, 813 (1966)). The Commonwealth has the burden of demonstrating a waiver of these rights by a preponderance of the evidence. *Commonwealth v. Wilson, supra.*

In *Commonwealth v. Peake, supra*, the appellant testified that he urged his trial counsel, a voluntary defender, to take

an appeal, and trial counsel testified that he told appellant that there were no grounds for an appeal and that appellant should contact the prison social worker to obtain the necessary forms if he wanted to appeal. This Court held that there could not be a finding of waiver "[i]n light of the possibility that petitioner abandoned his appeal because of a misimpression fostered by his trial counsel." 210 Pa.Super. at 136, 231 A.2d at 909.

In the instant case, the appellant's testimony that he requested his trial counsel to file an appeal after the 1972 conviction and sentence was uncontradicted. Because the Commonwealth introduced no evidence to show that appellant waived his right to appeal and to the assistance of counsel, it did not meet its burden of demonstrating that appellant's failure to appeal was " 'an intentional relinquishment or abandonment of a known right.' " *Commonwealth v. Wilson, supra.* Accordingly, we hold that appellant is entitled to an appeal *nunc pro tunc.*

Concerning appellant's failure to appeal the 1977 order revoking his probation and imposing sentence, the record clearly reveals that (1) appellant asked his counsel to appeal, but (2) the Defender Association refused to file an appeal, believing the case lacked merit. Because appellant was entitled to the assistance of counsel to assist in the perfecting of an appeal, he did not waive his right to appeal when he did not file the forms the Defender Association sent him. There is no evidence to support the lower court's finding that the Commonwealth met its burden of demonstrating that appellant waived his appeal rights. Thus, on remand appellant must be allowed thirty days to file direct appeals *nunc pro tunc* from both the 1972 judgment of sentence and the 1977 order revoking probation and imposing sentence.

Reversed and remanded.

CERCONE, President Judge, files a dissenting opinion.

CERCONE, President Judge, dissenting:

The question presented is whether at a PCHA[1] hearing petitioner's trial and revocation counsel could be found ineffective in failing to perfect direct appeals from both petitioner's initial judgment of sentence and a subsequent order entered after a revocation hearing, revoking probation and imposing judgment of sentence on petitioner's original conviction. The Majority, without explanation or justification, proclaims that both trial and revocation counsel were ineffective for failing to file direct appeals, and accordingly, grants petitioner the right to file his direct appeals *nunc pro tunc.* The Majority, however, errs when it reasons "[b]ecause the Commonwealth introduced no evidence to show that appellant waived his right to appeal and to the assistance of counsel," that prior counsel were necessarily ineffective in failing to perfect direct appeals despite petitioner's apparent requests that they do so. To the contrary, applying the settled standard for determining whether an accused has been denied the effective assistance of counsel compels us to conclude that petitioner's present collateral attack on his conviction must fail; petitioner's PCHA counsel has not only failed to show that *any claims* which petitioner may have raised on direct appeal were of *"arguable merit,"* but also has failed to even *indicate* in what respects trial and revocation counsels' decisions not to appeal lacked a reasonable basis.

## I.

### Ineffective Assistance of Counsel

In evaluating petitioner's contention that both of his counsel were ineffective for failing to perfect direct appeals after being requested to do so, the Majority departs in fundamental respects from the test set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) and its progeny:

1. Post Conviction Hearing Act, 19 P.S. §§ 1180–1 *et seq.* (Supp. 1978–1979) [Hereinafter: PCHA or Act].

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

Under this standard, however, counsel cannot be held ineffective for either failing to assert a fruitless claim or for failing to perfect a baseless appeal, as, in such cases, counsel has not foregone an alternative which offers *any potential for success.* E. g., *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977); *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Harrison,* 228 Pa.Super. 42, 323 A.2d 848 (1974). It is only when the abandoned (or waived) claim has *"arguable merit"* that we must undertake the further inquiry into counsel's basis for not pursuing it. *E. g., Commonwealth v. Weathers, EL,* 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Sherard,* 483 Pa. 183, 192, 394 A.2d 971, 976 (1978); *Commonwealth v. Blackwell,* 258 Pa.Super. 121, 392 A.2d 714 (1978); *Commonwealth v. Harrison,* 228 Pa.Super. 42, 323 A.2d 848 (1974). In this regard, petitioner's PCHA counsel neither instructed the PCHA court nor this Court of the issue or issues of "arguable merit" which trial and revocation counsel could and should have pursued on the direct appeals which they did not perfect. Indeed, petitioner's PCHA counsel does not argue that the advice of prior counsel not to appeal was incorrect, misleading, or ineffective in any particular. Rather, petitioner, and apparently the Majority also, reason that counsel's refusal to heed petitioner's requests to appeal *per se* demonstrates that counsel's conduct did not have a reasonable basis designed to effectuate petitioner's interests under the first prong of the *Washington v. Maroney* test, *supra.* Our examination of the relationship between a denial of "Douglas rights" [2] and the relief available under the PCHA, as well as recent cases decided by both this Court and our Supreme Court, however, forecloses such a conclusion.

2. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

(a) "Waiver" & "Douglas Rights"

At the threshold of most PCHA proceedings in which an accused alleges a deprivation of "Douglas Rights" there necessarily appears a determination of whether the accused's failure to take a direct appeal constitutes a waiver under Section 1180–3(d) [3] and 1180–4(b) [4] of the Act of *any claims* he may have presented on that appeal. *See, Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Blackwell*, 258 Pa.Super. 121, 392 A.2d 714 (1978); *Commonwealth v. Peake*, 210 Pa.Super. 133, 231 A.2d 908 (1967). In resolving this question, all Pennsylvania appellate courts are uniform in holding that "[i]f an issue is not raised on direct appeal, it is presumptively treated as waived unless the petitioner can show that extraordinary circumstances justified his failure to raise it previously." [5] 19 P.S. § 1180–4(c); *Blackwell*, 258 Pa.Super. at 123, 392 A.2d at 715; *Commonwealth v. Valezquez*, 244 Pa.Super. 327, 330, 368 A.2d 745, 746 (1976). *See also, Holmes*, 468 Pa. at 415, 364 A.2d at 262. [6] Equally clear is the further proposition

**3.** Section 1180–3(d) of the Act provides:
"To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 and must prove the following:
.   .   . That the error resulting in his conviction and sentence has not been finally litigated or waived."

**4.** Section 1180–4(b) of the Act provides:
"For the purpose of this act, an issue is waived if:
.       .       .       .       .
(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

**5.** A waiver is not presumed where petitioner did not have counsel at the time the waiver allegedly occurred. *E. g., Blackwell*, 258 Pa.Super. at 124 n.3, 392 A.2d at 715 n.3; *Commonwealth v. Haynes*, 234 Pa.Super. 556, 561, 340 A.2d 462, 464 (1975) (quoting with approval from *Commonwealth v. Mumford*, 430 Pa. 451, 243 A.2d 440 (1968).

**6.** A refinement of this general principle is the rule that in the absence of extraordinary circumstances *all claims* of ineffective assistance of

that counsel's failure to file a direct appeal *may rise* to the level of ineffective assistance of counsel, such that an "extraordinary circumstance" within the meaning of section 1180–4(b)(2) of the Act *is present where counsel's ineffectiveness has resulted in a denial of a petitioner's appeal rights. E. g., Commonwealth v. Holmes,* 468 Pa. 409, 416, 364 A.2d 259, 263 (1976); *Commonwealth v. Blackwell,* 258 Pa.Super. 121, 392 A.2d 714 (1978); *Commonwealth v. Valezquez,* 244 Pa.Super. 330, 327, 368 A.2d 745, 764 (1976); *Commonwealth v. Green,* 234 Pa.Super 236, 338 A.2d 607 (1975). *Compare, Commonwealth v. Tunnell,* 463 Pa. 462, 345 A.2d 611 (1975); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A. 2d 448 (1975).[7] In pursuing this argument in the present proceeding, however, PCHA counsel bore the burden of alleging facts which would support a determination that both prior counsel's actions were erroneous in failing to perfect direct appeals.[8] Instantly, since PCHA counsel failed to show how any *claims* of "arguable merit" could, or should, have been pursued on the direct appeals which were not perfected, we would hold that "extraordinary circumstances" have not been shown.

## II

### PCHA Proceedings and Douglas Rights

As a result of the above rules and principles, *any claims* which would have been cognizable on the direct appeals which counsel's actions thwarted, are now not only capable of being raised, *but should have been raised* by PCHA

trial counsel *must* also be so raised. *Commonwealth v. Dancer,* 460 Pa. 95, 100–01, 331 A.2d 435, 438 (1975). *See also, Commonwealth v. Hubbard,* 472 Pa. 259, 276–77 n.6, 372 A.2d 687, 695 n.6 (1977).

**7.** Therefore, not only is ineffective assistance of counsel an "extraordinary circumstance" which will prevent a waiver of PCHA relief, *see Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Musser,* 463 Pa. 85, 343 A.2d 354 (1975), but also, a denial of Douglas Rights *precludes* a finding of *waiver* under § 4 of the Act generally. *E. g., Holmes,* 468 Pa. at 417 n.7, 364 A.2d at 263 n.7; *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975).

**8.** *See,* 19 P.S. § 1180–3; *Commonwealth v. Sherard,* 483 Pa. 183, 189, 394 A.2d 971, 975 (1978).

counsel if petitioner is to succeed in his *present* collateral attack. To the extent that petitioner's desire to take a direct appeal was dashed by his counsel's action, this alone is not prejudicial. *E. g., Commonwealth v. Musser*, 437 Pa. 131, 133, 262 A.2d 678, 680 (1970) (per curiam); *see also, Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975); *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282 (1975). This is so for a simple reason; namely, since ineffective assistance of counsel is the only claim that petitioner's PCHA counsel now raises, and presumably would have raised on the direct appeals which trial and revocation counsel frustrated, *all such claims* of ineffectiveness cognizable on that direct appeal are capable of being raised in the instant PCHA proceeding. Similarly, in the absence of any contention by present counsel that trial and/or revocation counsel's action in not appealing was incorrect or misleading, it can not be held that they were, strictly speaking, *per se* ineffective. On the direct appeals which the Majority would grant petitioner,[9] would not petitioner in order to prevail have to avail himself of either one of two contentions—(1) that the lower court committed some reversible error in convicting or sentencing him or; (2) that trial and/or revocation counsel's actions were constitutionally deficient in omitting to pursue some course of action at trial.[10] In either

9. In cases of the present posture, however, where a PCHA court has erroneously found a waiver, the proper procedural disposition by this court is not to grant petitioner a direct appeal *nunc pro tunc* as the Majority does. In particular, the proper procedure would be to remand to the PCHA court for a determination of the ineffective assistance of counsel argument and then, if necessary the underlying issues on their merits. *See Commonwealth v. Valezquez*, 244 Pa.Super. 327, 328–29, 368 A.2d 745, 746 (1976). As we observed in *Valezquez*, to endorse the Majority's procedural disposition "would be sanctioning a wholly unnecessary and confusing method for considering issues which were not raised  . . . , on a previous appeal. In cases such as this, the issues can be satisfactorily addressed simply by employing the well-established procedure under the PCHA." *Id.*

10. Furthermore, were we to accept the Majority's judgment, a most unfortunate circumstance might befall appellant on his direct *appeals nunc pro tunc*. It might not be inconsistent with the rationale of *Dancer*, 460 Pa. 95, 331 A.2d 435, and *Hubbard*, 472 Pa. 259, 372 A.2d 687, to require the court on appellant's *nunc pro tunc* appeals to

184

case, the ultimate conclusion which would be reached by the Majority of this court would be the same as regards prior counsel's representation, *i. e.*, in the former case counsel would be ineffective in advising petitioner not to take a direct appeal and in the latter case counsel's error would merely be compounded by his failure to perfect a direct appeal. In view of the above, we are at a loss as to how the Majority reasons that trial and revocation counsel can be ineffective even though PCHA counsel fails to raise *any claim* which would have required a reversal if raised on direct appeal, *i. e.*, that trial and/or revocation counsel were ineffective in failing to perfect a direct appeal in order to raise issues of "arguable merit."

In sum, this record cannot sustain the Majority's conclusion that both counsel for petitioner were ineffective. Petitioner's prior counsel have not been shown either to have ignored any issues which would have required a reversal, or to have failed to take any action or give any advice which demonstrated a lack of legal preparation. To the extent, therefore, that the Majority concludes *both* of petitioner's prior counsel were ineffective, they pursue a course which is unsupported by recent precedent [11] and not required in the

hold that PCHA counsel's failure to raise *all aspects* of the ineffectiveness of trial and revocation counsel's representation in the PCHA proceeding amounted to a waiver of all those so omitted.

11. The *per se* approach of the Majority was *sub silentio* rejected by two recent cases. In *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976) the Commonwealth argued, as it does in the instant proceeding, that petitioner had waived his right to raise an issue on collateral attack because of his failure to file a direct appeal. The testimony of record established that petitioner had specifically requested an appeal, but that counsel had advised against, and did not perfect the appeal as instructed. The court in determining the waiver question reasoned that petitioner's attorney was ineffective *not because* he failed to heed the petitioner's instructions or because the issue sought to be raised was not waived, but rather because his advice not to appeal, as well as his failure to perfect a direct appeal was erroneous in view of the holding in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). In any event, the Court neither transmuted the finding of no waiver into a conclusion of ineffective assistance of counsel nor did it articulate or apply a different test of ineffectiveness to a failure of counsel to perfect a direct appeal. The recent decisions of this court are to the same effect. *E. g., Common-*

interest of orderly procedure or fairness to petitioner and his counsel.

*wealth v. Blackwell*, 258 Pa.Super. 121, 125, 392 A.2d 714, 715–16 (1978). *Compare Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).