Commonwealth *v.* Hearn, Appellant.

8

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John S. Thome, Jr.,* Assistant Public Defender, for appellant.

*Martin J. King,* Deputy District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Bucks County by the appellant-defendant Alexander G. Hearn, after the entry of pleas of guilty to an indictment containing two counts of burglary and one count of robbery. He was sentenced to one to three years in prison on each of the burglary charges and from two to five years on the robbery charge. The sentences were to run consecutively.

The defendant contends that the court below should not have accepted his pleas because he was not informed of the permissible range of sentences to which he would be subject if he entered the pleas and because, with regard to one of the burglary counts, he stated facts which might have absolved him of the offense during the colloquy.

Taking the latter contention first it is apparent that the court below should not have accepted defendant's guilty pleas to indictment No. 1731, the burglary counts. That offense was allegedly committed when the defendant entered the home of another in the company of an accomplice and removed a television set and a console. However, during the colloquy the defendant stated that he thought that the burglarized premises belonged to his accomplice or his parents. Had that been the case the defendant may not have committed a burglary in that he could reasonably have believed that his accomplice's permission to enter the premises was valid. He also testified that he never entered the premises because the television had been placed outside the premises and he and his accomplice removed it from a position outside of the premises. Since an entry into a premises is a necessary element of the offense of burglary it is clear that the defendant, while pleading guilty to the offense, at the same time stated facts which would absolve him of that particular offense. It is logical and correct that if a defendant pleads guilty to a charge and in the next breath

10

contradicts the plea by stating facts which would absolve him of that guilt then his guilty plea should be rejected. *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A. 2d 709 (1970). This is exactly the situation in this case and under these circumstances the defendant's plea of guilt on that charge should have been refused.

Regarding defendant's second contention, the record is clear that the defendant was not advised of the permissible range of sentences which could have been imposed upon him. Appellee argues that since the defendant was aware that these were serious offenses, that he did know that he could be sentenced at least as severely as he was. This could be true. However, the record does not support this fact and in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A. 2d 77 (1974), decided one month prior to the taking of their pleas, the Supreme Court mandated that the defendant be advised, inter alia, of the permissible range of sentences to which he would be subject if he entered a plea. Since the record is devoid of any such advice we must hold that the pleas were not knowingly entered and therefore should not have been accepted by the court below.

The judgment of sentence is reversed and a new trial granted.