## Commonwealth *v.* Rockwell, Appellant.

Submitted April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

536

*William F. Morgan,* for appellant.

*James C. Blackman,* Assistant District Attorney, and *Samuel F. Bonavita,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 24, 1975:

This is an appeal from the Court of Common Pleas of Warren County by the appellant-defendant, Dennis Rockwell, after he entered a plea of guilty to the charge of aggravated assault and battery and carrying a firearm without a license. He was sentenced to a term of two (2) to four (4) years in Rockview Prison. He attacked the validity of his guilty plea in a Post-Conviction Hearing and when his petition was denied this appeal followed.

The colloquy took place in two stages. The appellant pled guilty on March 28, 1974, and at that time he waived presentment to the grand jury. He was sentenced on April 16, 1974. The March 28th colloquy was incomplete under *Ingram* [455 Pa. 198 (1974)] standards, but on April 16, 1974, the sentencing date, the colloquy continued, prior to sentence, and testimony relating to the offense was taken. This testimony revealed that on February 14, 1974, the appellant entered a taproom to purchase a six-pack of beer. While there, he noticed the victim at the bar with appellant's fiance: According to the appellant, the victim told him that he could give him "all the trouble he could handle" because he claimed he had a

9mm gun. Outside the taproom, the victim walked to his vehicle, then returned to the area where the appellant was standing. The appellant, according to the record, thinking the victim had the gun, pulled his own .22 calibre pistol and fired what he said he intended to be a warning shot. The bullet ricocheted and struck the victim in the stomach. The wound was slight and did not require stitches.

The plea of guilty to the charge of carrying a firearm is valid as he admitted he did not have a license and the colloquy is sufficient to show a voluntary and intelligent plea. However, on the aggravated assault and battery charge, the colloquy itself indicates that he had a defense to this charge and if his statements were accepted as true, they are inconsistent with his guilty plea. This plea should not have been accepted by the court. See, *Commonwealth v. Hearn,* 233 Pa. Superior Ct. 7, 334 A.2d 696 (1975), which held that a guilty plea cannot be accepted where in the colloquy pursuant thereto, the defendant stated facts inconsistent with his plea. His statements in the colloquy that he thought the victim was coming at him with a gun would constitute the defense of reasonable mistake of fact and self defense.

The judgment of sentence on the charge of carrying a firearm without a license is affirmed; and the judgment of sentence on the charge of aggravated assault and battery is reversed and a new trial granted.