396 A.2d 1173

COMMONWEALTH of Pennsylvania

v.

Roy J. O'SEARO, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 18, 1978.

Decided Nov. 18, 1978.

Reargument Denied Dec. 27, 1978.

288

H. David Rothman, Pittsburgh, for appellant.

David B. Douds, Asst. Dist. Atty., Mercer, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Roy J. O'Searo, appellant, was tried and convicted by a jury of murder of the first degree for the shooting of Francis Gadola on December 29, 1973. On direct appeal, this Court affirmed the judgment of sentence. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). Appellant subsequently sought relief under the Post Conviction Hearing Act, 1966, Jan. 25, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1978–79) (PCHA), which was denied by the hearing court. We are now called upon to review the propriety of that order denying relief.

■ In support of the request for post conviction relief, appellant alleges numerous instances of ineffectiveness on the part of his trial counsel. After a careful review of all of his allegations,[1] we are satisfied that trial counsel was not ineffective and that the hearing court properly denied the request for post conviction relief.

■ Appellant contends that trial counsel was ineffective for failing to request a change of venue. In making this argument, appellant expressly concedes that the county in which the trial was heard (Mercer) was not saturated by media coverage of the case. Given this concession, which is supported by the record, appellant is precluded from relying upon cases wherein the pre-trial publicity has been so pervasive and inflammatory that the existence of actual prejudice may properly be presumed. *See, e. g., Commonwealth v. Brado,* 470 Pa. 306, 368 A.2d 643 (1977); *Commonwealth v. Pierce,* 451 Pa. 190, 195, 303 A.2d 209, 212, *cert. denied,* 414 U.S. 878, 94 S.Ct. 164, 38 L.Ed.2d 124 (1973). *See generally* Ranney, Remedies for Prejudicial Publicity, 21 Vill.L.Rev.

1. In this opinion we will discuss only those complaints which warrant elaboration. We have also reviewed the following contentions of appellant and find them also to be without merit: that trial counsel was ineffective for failing to impeach certain witnesses using prior inconsistent statements; that the post conviction hearing court erred by failing to order the appearance of two witnesses; that trial counsel was ineffective for failing to adequately cross-examine certain witnesses; that trial counsel was ineffective for failing to object to the consolidation of firearms and homicide charges; that trial counsel ineffectively evaluated appellant's case and ineffectively communicated with appellant concerning the case; that trial counsel's voir dire of prospective jurors was ineffective; that trial counsel was ineffective for failing to have the jury sequestered; that trial counsel was ineffective for failing to call certain witnesses; that trial counsel was ineffective for failing to adequately investigate and prepare the case; that trial counsel was ineffective for failing to object to certain inaccuracies in the re-enactment of the incident at the crime scene; that the cumulative effect of the above alleged errors deprived appellant of a fair trial. Appellant also contends: that the trial court erred by failing to interview a prospective juror in camera; that the prosecutor's cross-examination of a defense witness was unfair. Appellant has neither alleged nor proved any extraordinary circumstances which would justify his failure to raise these issues on direct appeal. Therefore, they are waived. *See* 19 P.S. § 1180–4(b) and (c) (Supp.1978–79).

819, 820–21 (1975–76). Therefore in order to show that a motion for change in venue would have been of arguable merit, appellant must demonstrate that the pre-trial publicity did in fact create a fixed opinion as to guilt or innocence in the minds of the prospective jurors, which opinion could not be readily set aside. *See Commonwealth v. Hoss*, 469 Pa. 195, 204, 364 A.2d 1335, 1340 (1976).

In the instant case, the record on post conviction hearing simply does not support appellant's implicit contention that the jurors held unalterable preconceived opinions as to his guilt. At the PCHA hearing appellant offered the affidavit of one Mrs. Mattson wherein she stated that another woman, a Mrs. Waite, had told her (Mattson) that several fellow employees of the man ultimately selected as jury foreman had told her (Mrs. Waite) that prior to his being summoned for jury service, the foreman had expressed his belief that appellant was guilty. Noting correctly that the affidavit contained triple hearsay, the PCHA court ruled the affidavit inadmissible. The only other evidence even remotely relevant to a showing of actual jury prejudice was the equivocal testimony of one courtroom observer to the effect that he thought he saw prospective jurors mingling in courthouse corridors with witnesses and the victim's family. Appellant has not provided any evidence showing that his trial counsel was aware of the purported statement made by the jury foreman, nor has appellant shown that if there was intermingling of jurors, witnesses, and relatives of the victim, counsel was cognizant of that fact. In fact, at the PCHA hearing appellant's trial counsel testified that he was not aware of any such objectionable juror exposure. Nor is there any showing that his lack of awareness of these allegations was as a result of his failure to exercise due diligence in his preparation and trial of the case. Confronted with the information available to him there was no basis upon which to assert an arguable claim for change of venue. Even if these improper jury contacts had been established, it would have only supported a removal of the particular jurors concerned. It would not have provided a basis for

concluding that a fair jury could not have been drawn in Mercer County. Therefore, counsel could not have been ineffective for failing to file a futile motion. *See Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

■ Appellant also alleges that trial counsel was ineffective in his handling of appellant's recall testimony. The trial context out of which appellant makes this assertion was as follows: Appellant's primary defense to the murder indictment was to negate malice. *See Commonwealth v. O'Searo, supra.* Appellant was one of the last witnesses in the defense case-in-chief. On direct examination as well as during cross-examination, appellant testified to the effect that during the fatal encounter, "something grabbed him" and caused the gun he was holding to discharge and kill the victim. Shortly after this testimony, the trial was recessed for the weekend.

On the following Monday, defense counsel, upon appellant's request, recalled appellant as a witness and asked him what caused the gun to discharge. At that time he responded that, "something grabbed my hand and pulled it . ." Later that day the trial court in its charge referred to that testimony as follows:

> "Mr. O'Searo was recalled, and he was asked if he knew what caused the gun to go off, that was today. He said someone grabbed my hand and pulled it, that is all I know, or words to that effect."

From this sequence of events appellant seeks to establish several bases for predicating trial counsel's ineffectiveness. Appellant attacks counsel's decision to permit his client to be recalled as a witness and that appellant was not properly prepared for being recalled. Appellant attempts to minimize the difference between his original testimony as to the cause of the weapon's discharge and his statements upon being recalled. The specific reference to something grabbing his hand which held the weapon was obviously significantly more supportive of his claim of accident than the previous vague reference to something grabbing some unspecified part of his body. From a reading of the post

conviction hearing testimony it is fair to conclude that this more precise version was first related to trial counsel in a Sunday evening conference during which the decision to recall appellant was made. When recalled, appellant testified in accordance with his statements to counsel on the previous evening.

At the outset it is clear that there is no merit to the claim that he was not properly prepared to give this testimony. Since the second version strengthened the defense that was being pressed throughout the trial the position of appellant could only have been enhanced by having the jury hear this testimony. The fact that a jury may not believe a witness's version of the facts is an ever present hazard. Nor was the hiatus between the conclusion of his original testimony on Friday before the recess and his recall on Monday when the trial reconvened so great as to prevent it from being a reasonable trial tactic to attempt to introduce this evidence through the only source available.

Further, appellant cites counsel's failure to object to the court's reference to the fact that the testimony was given on Monday. While as we indicated in our previous opinion in this matter that the reference could conceivably have been interpreted as suggesting the possibility of a recent fabrication, nevertheless it was an accurate statement.[2] It was clearly a tactical decision as to whether to raise an objection which might possibly highlight the statement or to allow it to pass without objection in the hope that it would not be so interpreted. In view of the innocuous

2. Appellant refers to the following statement in our original opinion in this matter:

"Although the challenged statement in the charge could possibly have been interpreted by the jury as an indication that appellant had created a fabrication over the weekend, no exception was taken to this portion of the judge's charge."

Commonwealth v. O'Searo, supra, 466 Pa. at 231, 352 A.2d at 33. We believe an undue inference has been drawn from this language by appellant. We did not intend to suggest that an objection to this language would have been meritorious. Our statement only indicated that we would not consider the question since a timely objection had not been made.

character of the reference, we believe that the decision not to object was a reasonable trial strategy. *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Sullivan*, 450 Pa. 273, 299 A.2d 608 (1973); *Commonwealth v. Gambrell*, 450 Pa. 290, 301 A.2d 596 (1973).

The order of the hearing court is affirmed.

MANDERINO, J., filed a concurring opinion.

MANDERINO, Justice, concurring.

In appellant's original direct appeal I dissented believing that appellant was entitled to a new trial because the judge charged the jury that the act of pointing a gun at a vital part of another's body is enough from which to infer a wilful, deliberate and premeditated killing. *Commonwealth v. O'Searo*, 466 Pa. 224, 241, 352 A.2d 30 (1976). This issue has now been finally litigated under the Post-Conviction Hearing Act, 1966, Jan. 25, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.*, (Supp.1978–79) and I therefore join in the majority opinion affirming the order of the hearing court.