409 A.2d 909

**COMMONWEALTH of Pennsylvania**

v.

**Robert Norwood FRANKHOUSER, a/k/a Norwood Robert Frankhouser, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Granted Nov. 28, 1979.

Jeffrey L. Snook, Lewistown, for appellant.

Richard M. Mohler, District Attorney, Lewistown, for Commonwealth, appellee.

PER CURIAM:

The six judges who heard this appeal being equally divided, the order is affirmed.

PRICE, J., files an opinion in support of affirmance in which HESTER and VAN der VOORT, JJ., join.

SPAETH, J., files an opinion in support of reversal in which CERCONE, President Judge, and HOFFMAN, J., join.

JACOBS, former, President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

On March 11, 1977, appellant filed a counseled petition under the Post Conviction Hearing Act (PCHA)[1] alleging numerous errors regarding four separate convictions. The court below conducted a hearing on the petition and subsequently issued an order correcting illegal sentences imposed on two convictions, but denying all other requests for relief. For the reasons set forth herein, we affirm the court below.

The salient facts are as follows. Following a non-jury trial, on January 2, 1975, appellant was convicted of burglary[2] and criminal trespass[3] at No. 46½ of 1974. He filed post-trial motions for a new trial and in arrest of judgment in that case.

On May 13, 1975, appellant was convicted by jury of escape[4] at No. 2 of 1975. Finally, on August 11, 1975, appellant, after a complete colloquy, withdrew his post-trial motions filed in No. 46½ of 1974. He also waived the right

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1) *et seq.* (Supp.1978–79).

2. 18 Pa.C.S. § 3502.

3. 18 Pa.C.S. § 3503.

4. 18 Pa.C.S. § 5121.

to file such motions in No. 2 of 1975, although appellant had already clearly waived such right by failure to file within ten days of his conviction. Pa.R.Crim.P. 1123(a). Appellant also pleaded guilty to burglary,[5] theft,[6] and receiving stolen property[7] at No. 21 of 1975, and escape[8] at No. 131 of 1975.

On August 11, appellant was sentenced to pay the costs of prosecution and make restitution on all counts. Further, he was sentenced to imprisonment of ten to twenty years at No. 46½ of 1974; seven and one-half to fifteen years at No. 2 of 1975; ten to twenty years at No. 21 of 1975; and seven and one-half to fifteen years at No. 131 of 1975. Sentences on Nos. 2, 21 and 131 of 1975 were to run consecutively to the sentence on No. 46½ of 1974. Appellant was given credit for 216 days of incarceration served since February 21, 1974. It was specifically ordered that the minimum sentence to be served with respect to all four actions was twenty years.

To secure PCHA relief, the petitioner must establish that the errors alleged in his conviction or sentence have not been finally litigated or waived. 19 P.S. § 1180–3(d). One waives an issue if he knowingly and understandingly fails to raise it on direct appeal and it could have been raised then. 19 P.S. § 1180–4(b)(1). Further, failure to so raise an issue gives rise to a rebuttable presumption of "knowing and understanding" waiver. Although appellant asserted before the PCHA court that he requested that counsel pursue a direct appeal, and he attempted to substantiate this by offering into evidence three letters addressed to counsel regarding an appeal, the court below did not find appellant's contention credible. Instead, the court found that appellant had not requested that trial counsel perfect an appeal.

5. 18 Pa.C.S. § 3502.

6. 18 Pa.C.S. § 3921.

7. 18 Pa.C.S. § 3925.

8. 18 Pa.C.S. § 5121.

 Counsel's failure to file an appeal, if he had been requested to do so by appellant, would have meant that the issues cognizable on direct appeal were not waived. Appellant's failure to explain satisfactorily the lack of a direct appeal renders those issues waived.[9]

 Appellant's argument that trial counsel was ineffective was not waived by his failure to perfect an appeal. If counsel on direct appeal is the same as trial counsel, and appellant does not raise trial counsel's ineffectiveness, it is not waived. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). This concept was enlarged upon in *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976):

"Here, since trial counsel, who Mabie contends was ineffective, would have been required to file post verdict motions and a direct appeal on the issue of his own ineffectiveness were such procedures initiated, it is similarly unrealistic to expect counsel to file motions and/or an appeal challenging his own effectiveness. Therefore, where a PCHA petition alleges as grounds for relief that trial counsel, with whom the petitioner consulted concern-

**9.** Appellant's arguments on appeal which we deem waived are:
1. "Was there a sufficient factual basis for the acceptance of a guilty plea to Criminal Action No. 21 of 1975?"
2. "Was the guilty plea colloquy to Criminal Action No. 21 of 1975 and the withdrawal of post verdict motions colloquy to Criminal Action No. 46½ of 1974 inadequate due to the failure of the Court to adequately review the elements of the offenses and to adequately review the range of permissible sentences?"
3. "Should the Appellant on this record have been given such a severe sentence where there was no pre-sentence investigation, no explanation on the record as to why a pre-sentence investigation was not conducted, and no reasons were stated on the record for the imposition of such a severe sentence?"
4. "Were the sentences in Criminal Actions Nos. 46½ of 1974 and 21 of 1975 so manifestly excessive as to constitute too severe a punishment?"
5. "Did defense counsel fail to file a direct appeal even though Defendant requested that he do so?"
6. "Was it improper to permit a conviction and sentencing as to Burglary and Criminal Trespass in Criminal Action No. 46½ of 1974?"
7. "Was it improper to permit a plea of guilty and a conviction to Burglary, Theft and Receiving Stolen Property in Criminal Action No. 21 of 1975?" (Appellant's Brief at 2–3).

ing the feasibility of appeal, has been ineffective and where trial counsel has not taken a direct appeal on behalf of the petitioner, the question of whether trial counsel was ineffective has not been waived for the purposes of review in a PCHA proceeding." *Id.*, 467 Pa. at 469–70, 359 A.2d at 371–72 (footnote omitted).

Accordingly, we will consider appellant's arguments regarding trial counsel's ineffectiveness.

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967) (footnote omitted) (emphasis in original).

Appellant asserts counsel's ineffectiveness, other than the failure to file an appeal, on two bases.

"1. Counsel's promises which induced Defendant to plead guilty, withdraw his post verdict motions and waive the filing of post verdict motions;

2. Counsel's failure to assert Defendant's rights and failure to protect Defendant's rights and to attempt to assure Defendant's understanding at the proceedings on August 11, 1975[.]" (Appellant's Brief at 15).

Appellant contended at the PCHA hearing that counsel promised him a ten-year maximum sentence in exchange for his plea, his withdrawal of post-verdict motions in No. 46½ of 1974, and his waiver of filing post-verdict motions in No. 2 of 1975. However, the court below found counsel's PCHA testimony more credible. He testified that on no occasion did he represent to appellant that a certain sentence would be obtained by pleading. He denied discussing the exact

terms of sentence with the district attorney, the court, or appellant.

Further, appellant testified that counsel coached him on the appropriate responses and that counsel advised him to plead guilty to No. 21 of 1975, even though he did not commit the crime. The transcript of August 11, 1975, clearly refutes appellant's contentions. The court questioned him at length regarding his reasons for withdrawing post-trial motions and waiving the future filing of others. Appellant repeatedly stated that he was doing so voluntarily, without inducement or threats, and that it was his decision to do so. Defense counsel produced several letters addressed to him by appellant which stated that he wished to withdraw his post-verdict motions at No. 46½ because they "didn't make sense." Appellant also felt that there were no meritorious motions to be filed in No. 2 of 1975. In any event, the time for filing such motions in No. 2 of 1975 had long passed by the time appellant waived his right to file.

The court below similarly found no merit to appellant's contention that counsel urged him to plead guilty at No. 21 of 1975, in spite of his innocence. Appellant insisted during the lengthy colloquy that there were no promises or inducements and that his plea was not coerced.

Although counsel several times stated at the PCHA hearing that he had no recollection of specific pre-colloquy conversations with appellant regarding his answers, the following transpired at the conclusion of his PCHA testimony:

"Q. [By the court] Now, Mr. Schaner, I recall that you said that you could not remember the specific conversation you had with Defendant prior to sentencing on August 11, 1975, my question is limited to coaching. My question is, did you coach the Defendant to misrepresent the truth at the colloquy?

A. Absolutely not.

Q. Did you coach him to conceal from the Court any conversation that had occurred between you and the District Attorney?

A. No indeed and may I admit that it was nothing to conceive [sic].

Q. Did you coach the Defendant in any way to mislead the Court so that the Court would have no reason to refuse his pleas?

A. No." (PCHA Hearing at 71–72).

As was stated in *Commonwealth v. Brown,* 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976),

"A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel."

See also *Commonwealth v. Young,* 245 Pa.Super. 298, 369 A.2d 412 (1976).

 Appellant next urges that counsel was ineffective in failing to assure a proper colloquy and to represent him adequately at the August 11, 1975 proceeding. Counsel did not object to a conviction of burglary, theft and receiving stolen property in No. 21 of 1975. Appellant's argument is that it was improper to convict him of both theft and receiving stolen property. *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975); *Commonwealth v. Phillips,* 215 Pa.Super. 5, 257 A.2d 81 (1969). In the instant case, however, appellant was sentenced only on the burglary count, and therefore no prejudice to appellant resulted, as he was sentenced on neither the theft or receiving counts. Counsel is not ineffective for failure to make a futile objection or file a futile motion. *Commonwealth v. O'Searo,* 483 Pa. 286, 396 A.2d 1173 (1978); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973).

Appellant insists that the colloquy in No. 21 of 1975 was "clearly inadequate pursuant to Pennsylvania Rule of Criminal Procedure 319." We have reviewed the colloquy and find that the factual basis established was sufficient.

 Appellant argues that counsel was ineffective in not objecting to the lack of information provided appellant as to

the possible range of sentences in No. 21 of 1975. Appellant attended a statement of rights hearing at which he was informed that a fine of $25,000 or imprisonment of twenty years was the maximum penalty possible for burglary.[10]

The following dialogue occurred during the plea colloquy:

"Q. [By the court] You are the Defendant in Criminal Action No. 21 of 1975 wherein you were charged with burglary, theft and receiving stolen goods of Paul Gerald Young?

A. Yes.

Q. You have not been tried for this offense?

A. No.

Q. You did attend Statement of Rights Court however in this case, did you not?

A. Yes.

Q. You were then advised [of] your constitutional rights?

A. Yes.

Q. You were then advised [of] the possible consequences of conviction?

A. Yes.

Q. Do you recall your constitutional rights to trial by a jury and such?

A. Yes.

Q. Do you desire to have any of them reviewed at this time?

A. No.

Q. Do you have any questions concerning any of them?

A. No." (August 11 Hearing at 8–9).

The Comment to Pa.R.Crim.P. 319(a) provides:

"It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty. Court decisions constantly add areas to be encompassed in determining whether the defendant understands the full impact and consequences of his plea, but is nevertheless

10. 18 Pa.C.S. §§ 1103(1), 1101(1).

willing to enter that plea. However, at a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

Moreover, in *Commonwealth v. Willis,* 471 Pa. 50, 52, 369 A.2d 1189, 1190 (1977), our supreme court interpreted the six questions as "*mandatory* during a guilty plea colloquy and the failure to 'satisfy these minimal requirements will result in reversal.'" (emphasis in the original).

Certainly, the defendant's understanding of the permissible range of sentence and fine is required. *Commonwealth v. Willis, supra* ; *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Hearn,* 233 Pa.Super. 7, 334 A.2d 696 (1975). In the instant case, appellant was asked if he understood the consequences of conviction to which he responded affirmatively. He stated that he recalled the statement of rights hearing and did not wish to have any of the information repeated.

The face of the record shows that appellant was fully apprised of the possible range of sentence for burglary and had no questions thereon. We know of no decision that would have required that the court reiterate the sentence which it had thoroughly reviewed on the record at a previous hearing, when appellant himself acknowledged his recall

and said he had no questions thereon.[11] Therefore, counsel can not be deemed ineffective for failure to raise a pointless objection.

■ Appellant asserts that neither the court nor his counsel abided by Pa.R.Crim.P. 319(b) in making clear what agreement his plea was based upon. The district attorney clearly stated that the Commonwealth's decision to nolle pros several charges was not part of any plea bargain. Further, the PCHA court found and the record adequately supports the conclusion that there was no maximum sentence secretly agreed upon. Thus, counsel's failure to insure compliance with Pa.R.Crim.P. 319 cannot be deemed ineffectiveness.

■ Appellant's final assertion is that counsel was ineffective in failing to oppose the imposition of illegal sentences on Nos. 2 and 131 of 1975, both charges of escape. The court originally imposed sentence of seven and one-half to fifteen years on each. The maximum sentence that can be imposed on a third degree felony is seven years.[12] In this, appellant is correct; counsel was ineffective for failing to oppose imposition of a clearly illegal sentence. There could have

11. The opinion in support of reversal cites *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978), and *Commonwealth v. Blackwell,* 258 Pa.Super. 121, 392 A.2d 714 (1978), as support for the proposition that the instant colloquy is fatally deficient due to the failure of the lower court judge to elaborate on the range of sentencing. The colloquyes deemed defective in those cases, however, are clearly distinguishable from the one delivered here. In *Kulp,* the defendant answered affirmatively when asked, "Do you understand what the sentences could be?". *Commonwealth v. Kulp, supra,* 476 Pa. at 361, 382 A.2d at 1211. Similarly, in *Blackwell,* the court asked only, "Do you understand the nature of the charges brought against you?". *Commonwealth v. Blackwell, supra,* 258 Pa.Super at 126 n.8, 392 A.2d at 716 n.8. The instant situation would indeed be controlled by the above if the court had merely queried appellant, "Are you aware of the range of possible sentences?". An affirmative answer to that question would not have allowed the court to presume appellant's actual knowledge of such facts. As detailed *supra,* the question actually propounded was entirely different.

12. 18 Pa.C.S. § 1103(3).

been no reasonable basis for his decision. However, the court below corrected the error by granting PCHA relief, *i. e.*, sentence modification on the two charges to three and one-half to seven years. Appellant was entitled to no greater relief.[13]

Order affirmed.

HESTER and VAN der VOORT, JJ., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

SPAETH, Judge:

Appellant should be allowed to withdraw his plea in No. 21 of 1975 because the lower court failed to inform him of the range of permissible sentences that could be imposed upon a conviction for burglary.

*In Commonwealth v. Ingram,* 455 Pa. 198, 201, 316 A.2d 77, 79 (1974), the Supreme Court, citing *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A.2d 196, 198 (1968), held that Pa.R.Crim.P. 319 required that before accepting a guilty plea a trial court must

conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.

---

13. Appellant urges that because the Commonwealth did not file an answer to his amended PCHA petition until after twenty days beyond the petitioner's filing, facts in his petition should have been deemed admitted. In this case, the court accepted a late answer, as is permissible under 19 P.S. § 1180–8, and appellant points to no prejudice that he suffered as a result thereof. Since court appointed PCHA counsel's amended petition contained the substance of appellant's pro se amendment, it was not error for the Commonwealth to respond only to appointed counsel's. Finally, we know of no rule which mandates that the Commonwealth's denials to some of appellant's assertions, without explanation or reasons, must be deemed admissions.

In *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978) the Supreme Court stated that for pleas entered after the decision in *Ingram,* there could be no excuse for a trial court's failure to recognize the necessity of an on-the-record colloquy ascertaining a defendant's knowledge of the permissible range of sentences. *See also Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976) (decision in *Ingram* did not announce new law).

In the case at bar, the only on-the-record colloquy pertaining to the permissible range of sentences for burglary was as follows.

BY THE COURT:

Q. You are the Defendant in Criminal Action No. 21 of 1975 wherein you were charged with burglary, theft and receiving stolen goods of Paul Gerald Young?

A. Yes.

Q. You have not been tried for this offense?

A. No.

Q. You did attend Statement of Rights Court however in this case, did you not?

A. Yes.

Q. You were then advised your constitutional rights?

A. Yes.

Q. You were then advised the possible consequences of conviction?

A. Yes.

Q. Do you recall your constitutional rights to trial by a jury and such?

A. Yes.

Q. Do you desire to have any of them reviewed at this time?

A. No.

Q. Do you have any questions concerning any of them?

A. No.

A simple assent by a defendant that he was "advised the possible consequences of conviction" is insufficient to relieve the court of its duty to ascertain for the record that the defendant knows the permissible range of sentences. *Commonwealth v. Kulp, supra. See also Commonwealth v. Blackwell,* 258 Pa.Super. 121, 392 A.2d 714 (1978) (court may not assume that defendant knows his rights because he says he does, or because he has prior record). Furthermore, the "Statement of Rights" hearing in this case occurred four months before appellant's guilty pleas. Thus, even if one accepts the majority's novel proposition that one court's duty to ensure a proper colloquy before accepting a guilty plea may be discharged in certain instances where the defendant has appeared before another court that fully informed him of his rights, that proposition has no application here. The majority says that "appellant himself acknowledged his recall." Majority at 914. He did not. He only acknowledged that he had been "advised the possible consequences of conviction." What he acknowledged "recall[ing]" were his "constitutional rights to trial by a jury and such." Given the four month interval between the statement of rights hearing and the guilty plea, "recall" may not be assumed.

Trial counsel should have recognized that the court's failure to inform appellant of the permissible range of sentences that could be imposed upon a guilty plea to burglary constituted reversible error. Consequently, counsel's failure to pursue an appeal, or at least inform appellant that he had a meritorious issue for appeal, could have no reasonable basis designed to effectuate appellant's interest.

The judgment of sentence in No. 21 of 1975 should be vacated and the case remanded to permit appellant to withdraw his guilty plea.

CERCONE, President Judge, and HOFFMAN, J., join in this opinion.